THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MIGUEL ORTIZ, Defendant and Appellant.

No. 9991. Argued June 11, 1943.—Decided June 23, 1943.

*Carlos E. Colón* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Snyder. delivered the opinion of the court.

The defendant appeals from a sentence of conviction on a charge of violation of §4, Act No. 6, Laws of Puerto Rico, 1941 (Spec. Sess. Laws, p. 14). Both the municipal and district courts found him guilty of selling a pound of meat to a consumer at a price higher than that fixed by Administrative Bulletin No. 761, as approved by the Food and General Supplies Commission and promulgated by the Governor.

The defendant contends that the district court erred in denying his motion to dismiss, which was based on the fact that his trial did not take place within 120 days of the filing in the district court of the record on appeal from the municipal court (§448, subdivision 2, Code of Criminal Procedure, 1935 ed.; *People v. Balzac,* 56 P.R.R. 622).

The record was filed in the district court on May 29, 1942, and the case set for trial on July 16, 1942. On the latter date, at the request of the district attorney, it was postponed until July 23 because of the absence of the two witnesses for the government. One of the witnesses had been subpoenaed but had failed to appear. The other witness was a district chief of police, who had likewise failed to appear. On July 23 the case was again postponed because of the illness of the district chief. Trial was finally had in the district court on October 21, 1942.

The defendant concedes that the first postponement, from July 16 to July 23, was "more or less justified". Since the trial was held on October 21, less than 120 days after July 23, the date fixed for trial by virtue of the first postponement, for which there was concededly just cause, we find nothing in the circumstances of this case which entitles the defendant to invoke the rule found in §448 of the Code of Criminal Procedure (*People v. Balzac,* 56 P.R.R. 622; *People v.*

*Rexach,* decided May 18, 1943, *ante,* p. 21; *People.* v. *Díaz,* 60 P.R.R. 528; *Pennington* v. *District Court,* 60 P.R.R. 254; *Dyer* v. *Rossy,* 23 P.RR. 718).

■ The defendant next contends that the lower court had no jurisdiction herein. The defendant points out that the alleged violation took place on May 12, 1942, that the complaint was filed on May 15, and that Act No. 6 was repealed by Act No. 228, Laws of Puerto Rico, 1942 (p. 1268), which was approved on May 12, 1942. But Act No. 228, which superseded and took the place of Act No. 6, specifically provided, by a saving clause, that all regulations under the previous Act shall continue in effect.[1] We therefore need not determine whether, in the absence of such a saving clause, the lower court would have had jurisdiction under the circumstances herein (cf. *United States* v. *Powers,* 307 U. S. 214). The Legislature, although repealing Act No. 6, clearly expressed its intention to continue in effect all regulations, including the Administrative Bulletin involved herein, promulgated under Act No. 6 until otherwise modified by appropriate action under the new Act. The lower court therefore had jurisdiction to try the defendant on a complaint which alleged facts which occurred on the same day Act No. 228 went into effect and which was filed three days thereafter.

The judgment of the district court will be affirmed.

Mr. Chief Justice Del Toro did not participate herein.

---

[1] Section 14(*a*) of Act No. 228 reads as follows:

"All actions, price-schedules, orders, rules, or measures authorized or executed by the Food and General Supplies Commission up to the date this Act takes effect, or by the Executive Director of the same during the same

period of time, shall be automatically validated and ratified from the time this Act takes effect, and until they are substituted, modified, amended, or repealed by other measures taken pursuant to this Act. The price-schedules shall be consistent with the standards established by this Act, and shall be subject to the application for reconsideration provided herein, as if promulgated as of the date of effectiveness of this Act."